UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

CHET MATTHEW HAYES, SR.,           Chapter 7
         Case No. 16-47678-MAR
     Debtor.          Hon. Mark A. Randon
_____/

CHARLES L. WELLS, III, Trustee,

     Plaintiff,

         Adversary Proceeding
v.          No.

CHET MATTHEW HAYES, SR.,

     Defendant.
_____/

## COMPLAINT

Plaintiff Charles L. Wells, III, by and through his attorneys Gold, Lange & Majoros, P.C., and for his Complaint states:

### Jurisdiction

1. This is an adversary proceeding in bankruptcy brought by Plaintiff pursuant to Fed. R. Bankr. P. 4004 and 7001(4), objecting to the discharge of Debtor/Defendant Chet Matthew Hayes, Sr. pursuant to 11 U.S.C. §§ 727(a)(4)(D), and 727(a)(3), and 727(a)(6).

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(J) and 28 U.S.C. § 1334.

### Facts

3. On May 22, 2016, Chet Matthew Hayes, Sr. ("Debtor" or "Defendant") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.

4. Charles L. Wells, III ("Trustee" or "Plaintiff") is the duly appointed Chapter 7 Trustee of the Defendant's bankruptcy estate.

5. The Defendant listed $52,153.00 of unsecured indebtedness on his Schedule F primarily attributable to credit card purchases.

6. In 2016 Christian Financial Credit Union filed a complaint against the Debtor to recover an unsecured loan.

7. On August 16, 2016, Plaintiff requested turnover of the Defendant's financial records described below, including bank records and records relating to his financial affairs.

8. On September 13, 2016, the Court entered an Order for Examination and Production of Documents of Debtor Pursuant to Fed. R. Bankr. P. 2004 and to Extend The Deadline to Object To Debtor's Discharge ("the September 13, 2016 Order").

9. Plaintiff renewed his request for production of records by email to Debtor's counsel on September 28, 2016 and October 5, 2016.

10. Defendant has knowingly and fraudulently failed to provide the Plaintiff with the following records required to be produced under the September 13, 2016 Order:

   a. A copy of all unredacted bank statements, cancelled checks, and check registers for all savings accounts, checking accounts, investment accounts, and business checking accounts in the name of the debtor, held jointly with another, or such accounts that he merely used for the period January 1, 2014 through June 30, 2016.

   b. A complete copy of debtor's 2013 and 2015 federal and state income tax returns.

   c. A copy of the debtor's IRA, Roth IRA, 401(k), 403(b), or other retirement annual year end account statements (and most recent quarterly or monthly statements for the current year) for the period January 1, 2014 through June 30, 2016.

d. Any and all documents evidencing payments aggregating $600.00 or more per creditor made by or on behalf of the debtor to his creditors during the ninety (90) day period prior to June 30, 2016 for ordinary creditors, and for the one (1) year period prior to June 30, 2016 for any insider creditors (including family members, friends, and business associates).

e. A copy of all records relating to, referring to, or evidencing transfers by the debtor to his relatives, friends, business associates, or other insiders during the six (6) year period prior to June 30, 2016, as well as documentation evidencing any consideration received for the transfers.

f. Credit card statements for all debtor's credit card accounts (excluding store specific credit cards) for the period January 1, 2014 through June 30, 2016, including all accounts listed on Schedule F and any accounts paid in full pre-petition.

g. A copy of all life insurance policies and annuity contracts, including most recent statement evidencing cash value of policies and/or contract(s).

h. All documents relating to, referring to or evidencing the disposition of $91,373.00 received by the debtor in 2014 from Capital Bank and Trust Co., including all cancelled checks and invoices.

11. Defendant has in his possession, custody or control the records responsive to the September 13, 2016 Order and/or can obtain them with reasonable efforts but has simply refused to cooperate with the Trustee in violation of 11 U.S.C. §§ 521(a)(3) and 521(a)(4).

## COUNT I
**Defendant Has Withheld Recorded Information Relating to His Financial Affairs**

12. Plaintiff restates the allegations contained in paragraphs 1 through 11 and incorporates them herein by reference.

13. The Defendant has knowingly and fraudulently, in or in connection with this Chapter 7 bankruptcy filing, withheld recorded information and access to property, including records relating to the Defendant's property or financial affairs as specifically described in the September 13, 2016 Order and paragraph 10 above.

14. Without the requested records the Trustee is unable to investigate the Debtor's financial affairs.

15. The Defendant's discharge should be denied for failing to cooperate with the Trustee pursuant to 11 U.S.C. § 727(a)(4)(D).

WHEREFORE, the Plaintiff respectfully requests the following: (1) entry of an order denying the Defendant's discharge; and (2) all other relief as the court deems just.

## COUNT II
### Defendant Failed to Keep or Preserve any Recorded Information From Which Debtor's Financial Condition or Transactions Might be Ascertained

16. Plaintiff restates the allegations contained in paragraphs 1 through 15 and incorporates them herein by reference.

17. The Trustee requested records from the Defendant relating to his financial affairs as is more specifically described in paragraph 10.

18. To the extent Defendant claims that he does not have the requested documents, then the Defendant failed to keep or preserve recorded information from which his financial condition or transactions might be ascertained.

19. The Defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(3).

WHEREFORE, the Plaintiff respectfully requests the following: (1) entry of an order denying the Defendant's discharge; and (2) all other relief as the court deems just.

## COUNT III
### Failure to Obey Lawful Court Order

20. Plaintiff restates the allegations contained in paragraphs 1 through 19 and incorporates them herein by reference.

21. The Defendant has failed or refused to obey the Court's September 13, 2016 Order.

22. The Defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(6).

WHEREFORE, the Plaintiff respectfully requests the following: (1) entry of an order denying the Debtor's discharge; and (2) all other relief as the court deems just.

Respectfully submitted,

GOLD, LANGE & MAJOROS, P.C.

Dated: October 25, 2016

/s/ Elias T. Majoros
ELIAS T. MAJOROS
Attorney for Plaintiff
24901 Northwestern Highway, Suite 444
Southfield, MI 48075
Phone: (248) 350-8220
E-mail: emajoros@glmpc.com
(P41040)

h:\glm other trustee\hayes, chet (wells)\wells v. chet hayes\complaint.pks.doc